IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COACH, INC. and COACH SERVICES, INC., <br><br>Plaintiffs, <br><br> v. <br><br>SUNKISSED TANNING, SHANNON WEIDNER, INDIVIDUALLY AND D/B/A SUNKISSED TANNING, HOWARD WEIDNER, and DOES 1 through 100, <br><br>Defendants. | Case No. 3:11-cv-152-JPG –DGW |

## AGREED JUDGMENT AND PERMANENT INJUNCTION

Upon consideration of the agreement by and between Plaintiffs Coach, Inc. and Coach Services, Inc. (hereinafter collectively referred to as "Plaintiffs") and Defendants Sunkissed Tanning, Shannon Weidner, and Howard Weidner that the entry of an agreed judgment and permanent injunction is warranted in this matter against Defendant Sunkissed Tanning, and this Court being duly aware of the premises, it is hereby **ORDERED AND ADJUDGED**:

A Permanent Injunction is entered against Defendant Sunkissed Tanning pursuant to Fed. R. Civ. P. 65, forever enjoining this Defendant, its agents, servants, and employees, and upon those persons in active concert or participation with it:

    a.    From manufacturing, procuring, distributing, shipping, retailing, selling, advertising or trafficking, in any merchandise, including apparel, sunglasses, bags, jewelry and/or related merchandise, not authorized by the Plaintiffs, bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Plaintiffs' Trademarks, or bearing a design or image which is of a substantially similar appearance to

the Plaintiffs listed in the Complaint;

b. From passing off, inducing or enabling others to sell or pass off, as authentic products produced by the Plaintiffs or otherwise authorized by the Plaintiffs, any product not manufactured by the Plaintiffs or produced under the control or supervision of the Plaintiffs and approved by the Plaintiffs, which utilize any of the Plaintiffs' Trademarks listed in the Complaint;

c. From committing any act calculated to cause purchasers to believe that products sold by Defendant Sunkissed Tanning, its agents, servants, and employees, and upon those persons in active concert or participation with it are sold under the control and supervision of the Plaintiffs, or are sponsored, approved or guaranteed by the Plaintiffs, or are connected with and produced under the control or supervision of the Plaintiffs;

d. From further diluting and infringing Plaintiffs' Trademarks and damaging their goodwill;

e. From engaging in any other activity constituting unfair competition with Plaintiffs or that will cause the distinctiveness of Plaintiffs' Trademarks to be diluted; and

f. From causing, aiding, and/or abetting any other person from doing any act proscribed under a through e above.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Court finds that the Defendant Sunkissed Tanning has intentionally used counterfeit marks as defined in Section 1116(d)(1)(B) of Title 15.

**IT IS FURTHER ORDERED AND ADJUDGED** that Judgment be entered against Defendant Sunkissed Tanning and in favor of the Plaintiffs noted more specifically below:

**Statutory damages against Defendant Sunkissed Tanning**

To Plaintiffs Coach, Inc. and Coach Services, Inc. for Defendant Sunkissed Tanning's intentionally using a mark, knowing such mark is a counterfeit mark, in connection with the sale, offering for sale, or distribution of at least one (1) type of goods (handbags) and willfully using spurious designations that are identical to, or substantially indistinguishable from, at least one (1) Coach Trademark on handbags, pursuant to 15 U.S.C. § 1117(c)(1) and (2): $100,000 per counterfeit mark per type of good.

Total statutory damages entered against Defendant Sunkissed Tanning: **$100,000**

Total Judgment awarded against Defendant Sunkissed Tanning: **$100,000**

**IT IS FURTHER ORDERED AND ADJUDGED** that this Permanent Injunction and Final Order shall operate as a final judgment as to Defendant Sunkissed Tanning listed above.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Plaintiffs have voluntarily dismissed with prejudice their claims against Defendants Shannon Weidner and Howard Weidner by stipulation pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and have voluntarily dismissed without prejudice their claims against Defendants Does 1 through 100 by notice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

**IT IS SO ORDERED**
**Dated: May 23, 2012**

s/ J. Phil Gilbert
**J. Phil Gilbert**
**United States District Judge**